UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

NOBLE PARTY, also known as THERON PRESTON WASHINGTON,

                Plaintiff,

v.

PRINCE HALL AFRICAN LODGE 459, and all Prince Hall Grand and Local Lodges in America,

                Defendants.

Case No. 16-CV-0433 (DWF/SER)

**ORDER and**
**REPORT AND RECOMMENDATION**

---

Plaintiff Theron Preston Washington — who refers to himself as "Noble Party" in the caption of the complaint — alleges that defendants should be deprived of their tax-exempt status under 26 U.S.C. § 501(c)(3).[1]  Washington filed an application seeking leave to proceed *in forma pauperis* ("IFP").  *See* ECF No. 2.  Washington's IFP application is before the Court and must be addressed before any other action is taken in this matter.

Based on the information provided in Washington's IFP application, the Court finds that Washington qualifies financially for IFP status.  An IFP application will be denied, however, and the action will be dismissed, when an IFP applicant files a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins.*

---

[1] Section 501(c)(3) generally exempts from federal taxation "[c]orporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or to foster national or international amateur sports competition . . . or for the prevention of cruelty to children or animals . . . ."

*Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Defendants are fraternal lodges that Washington alleges have been granted tax-exempt status under § 501(c)(3). Washington claims, however, that defendants should not be eligible for tax-exempt status, as they have entered into oaths with foreign countries in violation of the Constitution. He asks that this Court revoke defendants' tax-exempt status and close their fraternal lodges nationwide.

There is an insuperable barrier precluding Washington from receiving relief in this matter: Washington lacks constitutional standing to bring his claims. "A plaintiff must present a 'case or controversy' within the meaning of Article III of the United States Constitution to have standing." *Longaker v. Boston Scientific Corp.*, 715 F.3d 658, 663 (8th Cir. 2013). "This 'irreducible constitutional minimum' requires a plaintiff to show an 'injury in fact' that is 'fairly . . . trace[able] to the challenged action of the defendant' and likely to be 'redressed by a favorable decision.'" *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Washington has not alleged that he has been injured in any way by defendants' putatively unlawful tax-exempt status; he simply wishes to correct what he believes to be an incorrect conferral of tax benefits upon a fraternal organization. Without an injury in fact traceable to the

defendants' actions, however, Washington cannot present a case or controversy in the constitutional sense, and therefore this this Court lacks jurisdiction over his lawsuit. *See also American Atheists, Inc. v. Shulman*, 21 F. Supp. 3d 856, 861-867 (finding that plaintiff lacked standing to challenge tax benefits conferred by § 501(c)(3) upon religious organizations). It is therefore recommended that this matter be dismissed without prejudice for lack of jurisdiction.

Finally, Washington filed motions to submit a preliminary brief and to attach what he believes to be a useful precedent in support of his preliminary brief. *See* ECF Nos. 3-4. Included along with those motions are the preliminary brief and exhibit that Washington intends to submit, if given permission by the Court to do so. Even if Washington were denied permission to file the materials at issue, they are now part of the record in this case anyway, and so his motions are moot. Nevertheless, this Court will grant Washington's motion, and the materials submitted by Washington will be considered by the Court in reviewing this recommendation of dismissal.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff Theron Preston Washington's motions to file a preliminary brief and to attach precedent to preliminary brief [ECF Nos. 3 & 4] are GRANTED.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.      This matter be DISMISSED WITHOUT PREJUDICE for lack of standing.

2.      Washington's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated:  March 11, 2016                    *s/Steven E Rau*_____
                                          Steven E. Rau
                                          U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.